RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 10/17/11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| PERRYVILLE GAS STORAGE LLC | § | CIVIL ACTION NO. 3:11-cv-1635 |
| | § | |
| | § | |
| VERSUS | § | JUDGE ROBERT G. JAMES |
| | § | |
| 40 ACRES OF LAND LOCATED | § | |
| IN FRANKLIN PARISH, LOUISIANA, | § | |
| ALBERT HASKINS, *ET AL.* | § | MAGISTRATE JUDGE KAREN L. HAYES |

### ORDER CONFIRMING PERRYVILLE GAS STORAGE'S RIGHT TO CONDEMN SERVITUDE AND GRANTING A PRELIMINARY AND PERMANENT INJUNCTION AUTHORIZING IMMEDIATE ENTRY

The captioned matter came for hearing on October 17, 2011, on the motion of Plaintiff Perryville Gas Storage LLC ("Perryville Storage"), for Confirmation of Condemnation of Servitude and for Preliminary and Permanent Injunction Authorizing Immediate Entry (the "Motion") [Doc. No. 7]. The Court, having considered the Motion, the supporting memorandum, and the arguments and evidence presented at the hearing, finds that the Motion should be granted.

### JURISDICTION AND VENUE

1. Perryville Storage is a natural gas company as defined by the Natural Gas Act (the "Act"). 15 U.S.C. § 717(a)(6). Perryville Storage has been issued a Certificate of Public Convenience and Necessity (the "Certificate") by the Federal Energy Regulatory Commission ("FERC") to construct, operate, and maintain an interstate natural gas storage facility and associated facilities, including two natural gas pipelines (the "Project").

2. This action is governed by the section 717f(h) of the Natural Gas Act, which provides, in pertinent part:

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way . . . it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State Courts.

15 U.S.C. § 717f(h).

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because this action arises under the laws of the United States, and under 28 U.S.C. § 1337, because this action arises under an Act of Congress regulating interstate commerce. Jurisdiction is also proper in this Court pursuant to the Natural Gas Act, 15 U.S.C. § 717f(h). Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### CONFIRMATION OF THE PLAINTIFF'S RIGHT TO CONDEMN

4. Upon FERC's issuance of the Certificate and Perryville Storage's acceptance of same, Perryville Storage filed the Original Verified Complaint for Condemnation under the Natural Gas Act and pursuant to Rule 71.1 of the Federal Rules of Civil Procedure, seeking to condemn a fifty (50) foot wide permanent and perpetual servitude for the natural gas pipelines (the "Permanent Servitude"), as approved and certificated by FERC, and a temporary servitude for work space (the "Temporary Work Space"), as approved and certificated by FERC, under, upon, across, and through land owned by the Defendants. The Temporary Work Space is a space parallel and contiguous to the Permanent Servitude, as described on Exhibit 1, for use by Perryville Storage and its employees, contractors, or other agents during the construction of the Project's pipelines. Perryville Storage also filed the Motion, requesting the Court enter an order confirming that Perryville Storage has the substantive right to condemn Defendants' property under the Natural Gas Act.

5. The Court finds that Defendants were duly and properly served either via the applicable service rules or via publication through a newspaper of general circulation in the Parish in which the property is located.

6. The Court finds that Perryville Storage is the holder of a valid Certificate of Public Convenience and Necessity issued by FERC, that FERC has determined that the Defendants' property is necessary for the Project, and that Perryville Storage has been unable to acquire the Defendants' property by agreement. Thus, the Court determines that Perryville Storage has satisfied all requirements of the Natural Gas Act. 15 U.S.C. § 717f(h). The Court further finds that the interests condemned by Perryville Storage are consistent with the authority granted it by the Certificate and within the scope of such authority, and Perryville Storage is authorized by the Natural Gas Act to exercise the power of eminent domain. Therefore, the Court hereby confirms Perryville Storage's right to condemnation of the servitudes identified in Exhibit 1 hereto.

## PRELIMINARY AND PERMANENT INJUNCTION GRANTING ACCESS

7. Perryville Storage also requests the Court grant it a preliminary and permanent injunction authorizing it to enter upon Defendants' property to conduct surveying and other preparatory activities prior to May 1, 2012, and to commence construction related activities beginning May 1, 2012 on the Project's pipelines. For injunctive relief to be proper the Court must determine that four factors exist. There must be a substantial likelihood that the Plaintiff will prevail on the merits; there must be a substantial threat that irreparable harm will result if the injunction is not granted; the harm that would result to the Plaintiff if the injunction is denied must outweigh the harm to the Defendants if the injunction is granted; and granting the injunction will not disserve the public interest. *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009).

8. Federal courts across the country have recognized that a district court has the equitable authority to grant immediate entry and possession to a natural gas company in a condemnation action brought under the Natural Gas Act. *See, e.g.*, *East Tennessee Natural Gas Co., v. Sage*, 361 F.3d 808, 826-828 (4th Cir. 2004) (granting immediate possession of easements where delays in construction would generate significant unrecoverable costs and time delays in completing project); *Gulf Crossing Pipeline*, 2009 WL 2465892, at *4 ("the equitable remedy of immediate possession is available if the condemnor can satisfy the criteria for preliminary injunctive relief"); *Southeast Supply Header*, 2008 WL 160700, at *2 (same); *Maritimes & Northeast Pipeline, LLC v. Decoulos*, 146 Fed. Appx. 495, *2-3 (1st Cir., 2005); *Northwest Pipeline Corp. v. The 20' by 1,430' Pipeline Right-of-way*, 197 F.Supp.2d 1241, 1245 (E.D.Wash. 2002) ("[w]here there is no dispute about the validity of [the gas company's] actual right to the easement, denying authority to grant immediate possession would produce an absurd result"); *Guardian Pipeline, L.L.C. v. 950.80 Acres of Land*, 210 F.Supp.2d 976, 979 (N.D.Ill. 2002) (immediate possession proper when condemnation order has been entered and preliminary injunction standards have been satisfied); *Northern Border Pipeline Co. v. 64.111 Acres of Land*, 125 F.Supp.2d 299, 301 (N.D.Ill. 2000) (same).

9. The Court finds that Perryville Storage has satisfied the four requirements established for the granting of injunctive relief. The Court finds that Perryville Storage has been issued a valid Certificate of Public Convenience and Necessity by FERC, and that all requirements under the Natural Gas Act for Perryville Storage to exercise the right of eminent domain have been satisfied. Thus, there is a substantial likelihood that Perryville Storage will prevail on the merits and be granted the right to condemn the Permanent Servitude and Temporary Work Space at issue herein.

10. The Court further finds that Perryville Storage has met its burden of demonstrating a substantial likelihood that immediate and irreparable harm will result if the injunction is not granted, and if it is not able to obtain immediate entry upon the Property to begin construction. As demonstrated by the evidence and testimony presented, natural gas producers and the public at large will be irreparably harmed if the Project is not in-service by December 31, 2012. Due to construction constraints resulting from the black bear denning season, Perryville Storage needs access to the Property prior to May 1, 2012 to conduct surveying and preparatory activities for the Project's pipelines. In addition, Perryville Storage seeks access beginning on May 1, 2012, for the commencement of construction activities. Any delay in granting Perryville Storage possession of the property will impede its ability to provide the needed energy delivery services deemed by FERC to be in the best interest of the public. In order to meet the December 31, 2012 in-service date, it is necessary that Perryville Storage get the requested access instead of waiting to begin construction upon completion of the just compensation proceedings for the landowners with whom it has been unable to locate or reach an agreement regarding value, unless such compensation hearings are held along with the injunction request. Finally, the costs to Perryville Storage, its customers, and the public will be significantly increased if immediate possession is not granted. These increased costs are against public policy, and would be unrecoverable.

11. On balance, the potential harm to Perryville Storage and the public at large outweighs any harm to the Defendants by granting Perryville Storage the injunction it seeks. Defendant landowners will not be harmed if Perryville Storage is granted immediate access to the servitude to begin preparatory activities and construction rather than waiting until completion of a valuation hearing to obtain possession, as granting immediate possession will not cause the landowners to lose or compromise any right they have under federal law. Moreover, Perryville Storage is willing to

try the issue of just compensation with the injunction request because of the judicial efficiencies that can be obtained. The only issue remaining for this Court to decide is the amount of compensation to be paid, which is not affected by Perryville Storage beginning its activities. Thus, any alleged harm to the Defendants is minimal and is outweighed by the potential harms to Perryville Storage and others impacted by the delay in construction.

12. In contrast, Perryville Storage, its customers, and the public would be harmed by any delay of entry upon the servitudes sought. The landowners will receive just compensation for the property interests acquired by Perryville Storage, and this compensation will be the same regardless of whether immediate entry is granted. Further, any alleged inconvenience or other disruption to the landowners will occur no matter when Perryville Storage is granted possession. Accordingly, the substantial threat of irreparable harm to Perryville Storage, its customers, and the public greatly outweighs any negligible risk of harm to the landowners.

13. It is within FERC's authority to determine whether a proposed Project furthers the public interest. FERC's issuance of the Certificate is evidence that it has so determined, and that determination may not be collaterally attacked here. In addition, the Court finds that the grant of injunctive relief to permit Perryville Storage to begin construction of the Project's pipelines prior to the determination of just compensation furthers the public interest in that it will aid in ensuring that the FERC-approved Project will not be delayed.

14. Finally, Perryville's substantive right to condemn the property at issue herein and the determination of just compensation for that condemnation involve common questions of law and fact. Thus, for efficiency and judicial economy, the Court consolidated these issues for a single hearing.

15. After hearing all the evidence in open court during the hearing on compensation, the Court finds that the property interests condemned by Perryville Storage have a value of $409.00. Perryville Storage is ordered to deposit that amount into the Court's registry.

16. Accordingly, for the foregoing reasons, the Court finds that Perryville Storage's request for a preliminary and permanent injunction should be granted.

**IT IS THEREFORE ORDERED**

A. That pursuant to the Natural Gas Act, as the holder of a valid Certificate of Public Convenience and Necessity issued by FERC on January 26, 2010, Perryville Storage has the substantive right to condemn property rights needed for the Project's pipelines;

B. That Perryville Storage shall be awarded a permanent and perpetual right-of-way and servitude (the "Permanent Right-of-Way") and a temporary right-of-way and servitude for work space (the "Temporary Work Space") permitting it an immediate right of entry upon the Permanent Servitude as approved and certificated by FERC, and the Temporary Work Space as approved and certificated by FERC, both of which are identified in Exhibit 1 to this Order, under, upon, across and through land owned by the Defendants, which is described in Exhibit 2 to this Order;

C. The Permanent Right-of-Way described in Exhibit 1 shall be used for the purposes, presently, and at any such time in the future as Perryville Storage may elect of constructing, laying, maintaining, operating, inspecting, altering, repairing, replacing, removing, reconstructing, relocating, or abandoning, and/or removing Perryville Storage's pipeline, and any and all necessary or useful appurtenances thereto, in a manner consistent with the Certificate and FERC regulations, for the transportation of natural gas, and all appliances, appurtenances, fixtures, equipment, and facilities, whether above or below ground, deemed by Perryville Storage to be necessary or desirable in connection with its pipeline.

D. Perryville Storage may immediately begin pre-construction activities, including surveying, and may commence construction-related activities on May 1, 2012 for the purpose of constructing the Project's pipelines at the location approved and certificated by FERC identified on Exhibit 1, in a manner consistent with the FERC Certificate and FERC regulations, which pre-construction and construction related activities may include, but not limited to, surveys, examinations and tests, and constructing, laying, maintaining, operating, inspecting, altering, repairing, replacing, and reconstructing the pipelines, and any and all necessary or useful appurtenances thereto, on said Permanent Servitude (collectively "Construction-Related Activities");

E. The Temporary Work Space shall consist of a space parallel and contiguous to the permanent servitude and right-of-way, or other additional space, as described on Exhibit 1. The Temporary Work Space will expire and revert to Defendants in accordance with FERC's regulations. Perryville Storage shall have no rights in oil, gas or other minerals;

F. Perryville Storage's right of ingress and egress shall be limited to accessing the Defendants' property by the Permanent Servitude and the Temporary Work Space during the term thereof.

G. Granting Perryville Storage, its agents, employees, and persons, firms, and entities doing work for Perryville Storage, the right, from time to time, to clear the right-of-way of all trees, undergrowth, and other natural or manmade obstruction that may injure or endanger Perryville Storage's pipeline, appliances, appurtenances, fixtures, and equipment, or interfere with Perryville Storage's access to, monitoring of, or construction, maintenance, operation, repair, relocation, and/or replacement of the same.

H. Defendants shall retain the right to cultivate or otherwise make use of the lands including roadways across the Permanent Servitude for purposes in a manner which will not

interfere with the construction activities of Perryville Storage or the operations, maintenance, or relevant safety-related regulations consistent with the enjoyment or use of the rights granted to Perryville Storage, but Defendants shall not construct any houses, buildings, ponds, structures, or any obstructions on or over the Permanent Servitude. Perryville Storage shall have the right, from time to time, to clear and remove from the Permanent Servitude all trees, undergrowth, and other natural or manmade obstructions which may injure or endanger the Pipeline or interfere with Perryville Storage's access to, use of, or monitoring of the Permanent Servitude and Temporary Work Space or the free and full right of ingress and egress within and along the same;

I. Granting Perryville Storage the full right and authority to lease, sell, assign, transfer, and/or convey to others the Permanent Right-of-Way or Temporary Work Space, estate, interest, rights, and privileges hereby sought, in whole or part, or to encumber the same;

J. After hearing all the evidence in open court during the hearing on compensation, the Court finds that the property interests condemned by Perryville Storage have a value of $409.00; and

K. Upon the entry of this Judgment and the deposit of funds by Perryville Storage, Defendants shall be entitled to draw their proportionate share from the funds deposited by Perryville Storage with the Clerk of the Court.

MONROE, LOUISIANA, this the 17 day of October, 2011.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

# DRAWING OF PERMANENT RIGHT OF WAY AND SERVITUDE AND TEMPORARY WORK SPACE

{HD028214.1}



# EXHIBIT 2

# LEGAL DESCRIPTION OF PROPERTY

The Northeast Quarter of the Northeast Quarter (NE/4 of NE/4), Section 15, Township 16 North, Range 9 East (Containing 40 acres more or less), Franklin Parish, Louisiana, as more particularly described in Conveyance Book 1, Page 105 of the public records of Franklin Parish, Louisiana.

{HD028214.1}